# EXHIBIT PAGE

## EXHIBITS #1 THROUGH #16

Exhibit #1



## WORKER'S COMPENSATION RETURN TO WORK REPORT
### AURORA OCCUPATIONAL HEALTH SERVICES
10400 75th St
Kenosha WI 53142-7884
Phone: 262-948-7031
Fax: 262-948-6717

June 20, 2018
**EMPLOYEE INFORMATION:**
**NAME:** Olton Dumas
**DOB:** 57
**DATE OF INJURY/EVENT:** No linked episodes

**EMPLOYER INFORMATION:**
KENOSHA BEEF INTERNATIONAL
262-859-2272

**Location:** AURORA OCCUPATIONAL HEALTH-AMCK MOB
**Treating Provider:** CSK OCC HEALTH NURSE 2
**Time In:** 3:28 PM                    **Time Out:** 3:59 PM

**DIAGNOSIS:**
1.    Left groin pain

**STATUS:**
Causality remains uncertain

**RETURN TO WORK:**
Employee may return to work with restrictions.

RESTRICTIONS:
in effect at work and away from work, until specialist re-evaluation;

No lift carry push pull over 10 lbs
No squat kneel climb

PLAN:
Referral to general surgery specialist Monday 6/25 @ 1:45pm w/ Dr. Licup ( 262 ) 948-7380

Discharged from occupational medicine.

Thank you for the privilege of providing medical care for this patient.
If there are any questions, please call the clinic at 262-948-7031

Electronically signed by Terry Zehr, M.D
Aurora Occupational Health and Wellness



Travelers Prop Cas Co Of Americ
P.O. Box 660456
Dallas, TX 75266-0456

07/21/2018

**Olton Dumas**
**3514 50th St Apt. 109**
**Kenosha WI 53144**

**Employer:**          Kenosha Beef International Ltd
**Employee:**         Olton Dumas
**Date of Loss:**     06/20/2018
**File Number:**      028 CB FCU9871 M
**State Case Num:**

Dear Olton Dumas,

### Important information regarding your Workers Compensation Claim

I am writing to update you on the status of your claim. Enclosed you will find an
explanation of the medical care you have recently received that has been provided and
paid in full by your employer and us on your behalf.

If you have any questions with your continued medical treatment or your claim, please
contact me at the telephone number or email address listed below.

For more information about workers compensation and your claim, please visit
www.mywcinfo.com.

Sincerely,

Connie Keeton,
(630)961-4464          Fax:(877)786-5567
(800)842-6172
CKEETON@travelers.com
Workers Compensation Unit

- Home
- Payments
- Messages
- Documents
- Help

# Denial of claim

Your reply

Characters Remaining 5000/5000

You       Jul 24

I have just been I formed that you have denied my claim, it was alleged that someone reviewed a video at the place of employment which showed that: " I was seen moving a machine on wheels with the help of other individuals on the date of injury, not the four machines I have to move daily and an essential part of my daily job. On that basis I was denied my claim and compensation rights as an injured employee. What's your view? Plus send me a copy of that video viewed by the employer or its agents.

Legal Disclaimer
Privacy and Security

© 2018 The Travelers Indemnity Company. All rights reserved.

Exhibit #4

- Home
- Payments
- Messages
- Documents
- Help

# False representions by employer

Your reply

Characters Remaining 5000/5000

Jessica Raney       Jul 25

Olton,

I am sorry that the decision on your claim was not favorable.

Any company related documentation requests, would need to go through your employer.

I will provide you a denial letter so that you may submit your medical through your group health insurance. It will also provide the contact for the department should you wish to appeal this decision.

Thank you,

Jessica Raney

You       Jul 25

What is your protocol when there is a false represention advanced by the employer to hinder an employee's rights under workers compensation benefits?


**TRAVELERS**

Travelers Prop Cas Co Of Americ
P.O. Box 660456
Dallas, TX 75266-0456

*Exhibit # 5*

07/25/2018

**Olton Dumas**
**3514 50th St Apt. 109**
**Kenosha WI 53144**

| | |
|---|---|
| **Employer:** | Kenosha Beef International Ltd |
| **Employee:** | Olton Dumas |
| **Claim Number:** | FCU9871 |
| **Date of Injury:** | 06/20/2018 |

Dear Olton Dumas,

I am writing to update you on the status of your claim. Based on the information we have received, we are unable to accept your claim for worker's compensation benefits. As such, please submit your medical bills to your group health insurance carrier.

If you think the information we based our decision on is incorrect, or if you have additional information you would like me to consider, please let me know immediately. You may also request a hearing before the Department of Workforce Development, Workers' Compensation Division.

The address of the Workers' Compensation Division is:

P.O. Box 7901
Madison, WI 53707

If you have any questions, please contact me at the phone number or email address listed below.

Sincerely,

Jessica Raney
Claim Professional
Direct: (630)961-8694
Office: (800)842-6172 Ext. 961-8694
Fax: (877)786-5567
Email: JRANEY@travelers.com

C22932WSWI





### State of Wisconsin\DIVISION OF HEARINGS AND APPEALS

Brian Hayes, Administrator
Office of Worker's Compensation Hearings
P.O. Box 7922
Madison, WI 53707-7922

Telephone: (608) 266-134
FAX: (608)266-00'
Email: DHAWCMail@wisconsin.g(
Internet: Http://dha.state.wi.i

## ADMISSION TO SERVICE AND ANSWER TO APPLICATION

You are the **RESPONDENT** in this matter.
Provision of your Social Security Number (SSN) is voluntary. Failure to provide it may result in an information processing delay.
Personal information you provide may be used for secondary purposes [Privacy Law, s. 15.04 (1)(m), Wisconsin Statutes].

| WC Claim Number 2018016081 | Employee Name Olton Dumas |
|---|---|
| Employee Social Security Number xxxxx9261 | Employer Name Kenosha Beef Intl. Ltd. |
| Date of Alleged Injury 06/30/2018 | Employer Mailing Address 3111 152nd Ave., Kenosha, WI 53144 |
| Insurance Company Name Travelers Prop. Cas. Co. | Insurance Company Mailing Address PO Box 660456, Dallas, TX 75266-0456 |
| Respondent Attorney Name Richard C. Davis | Respondent Attorney Mailing Address PO Box 64093, St. Paul, MN 55164-0093 |

The enclosed hearing application must be answered within 20 days by mailing a copy of the answer to the Office of Worker's Compensation Hearings and to applicant's attorney or applicant if unrepresented. Provide such responses as are now known and amend your responses later as necessary. The worker's compensation insurer has a duty to defend and submit an answer on behalf of the employer except that the employer must defend and submit its own answer as to the following claims: (I) 15% increased compensation for safety violation, Wis. Stat. 102.57; (II) refusal to rehire, Wis. Stat. 102.35 (3); (III) penalty for late payment against employer, Wis. Stat. 102.22; (IV) penalty for illegal employment of minor, Wis. Stat. 102.60; and (V) bad faith against employer, Wis. Stat. 102.18 (1) (bp). **Failure by the employer or insurer to file a timely answer may result in liability by default order.**

In answer to the application, using reverse side if additional space is necessary, the respondent states as follows:

| | |
|---|---|
| 1. The accident or occupational exposure occurred as alleged | ☐ Admit ☒ Deny |
| 2. The relationship of employer and employee existed | ☒ Admit ☐ Deny |
| 3. The parties were subject to the worker's compensation act | ☒ Admit ☐ Deny |
| 4. At the time of alleged injury, the employee was performing service growing out of and incidental to employment | ☒ Admit ☐ Deny |
| 5. The accident or disease causing injury arose out of the alleged employment | ☐ Admit ☒ Deny |
| 6. Notice of injury was given to employer within 30 days/2 years of alleged injury | ☒ Admit ☐ Deny |
| 7. Applicant was temporarily disabled for the period claimed    If denied, state disability admitted: | ☐ Admit ☒ Deny |
| 8. Applicant is permanently disabled to the extent claimed    If denied, state disability admitted: | ☐ Admit ☒ Deny |
| 9. The rate of wage claimed is correct    If denied, state wage admitted:    and attach a fully updated WKC-13-A | ☐ Admit ☒ Deny |
| 10. The alleged employer was insured or self-insured under the Worker's Compensation Act | ☒ Admit ☐ Deny |
| 11. Do you contend that additional parties must be joined for a complete resolution of applicant's claim? If "yes," attach expert opinions supporting joinder and explain who should be joined and why. | ☐ Admit ☒ Deny |
| 12. Do you contend the employee was discharged or suspended for misconduct or substantial fault after being released to return to a restricted type of work during the healing period? | ☐ Admit ☒ Deny |
| 13. Do you contend that indemnity or death benefits were not paid because the employee violated the employer's policy on alcohol or drug use and the violation was causal to injury? | ☐ Admit ☒ Deny |

14. Describe any matters in dispute not already noted above and state all reasons for denying liability not already noted above.
**Inconsistencies in history and reporting. Medical records initially indicated unknown causality. Investigation continues.**

Insurance Carriers & Self-Insured Employers must attach an up-to-date WKC-13 and if wage is disputed, an up-to-date WKC-13-A.

| Respondent Signature: | | Date Signed: 09/05/2018 |
|---|---|---|
| Printed Name: Richard C. Davis | Title: **Attorney for Respondents** | Phone Number: **(262) 825 - 9294** |
| Representing: ☒ Insurance carrier and the insured interests of employer   ☐ Insurance Carrier | | ☐ Employer |

WKC-19-DHA-E (N. 11/2016)



Exh. #4



2018-Jun-20 12:09:58.620 AM (CDT)

Exhibit # 8

Exhibit #9

not a treating physician of Mr. Dumas, I will be making no specific treatment recommendations.

### HISTORY

Mr. Dumas is employed by Kenosha Beef International Ltd. His job responsibilities are relative to duties in the pack off department. The job location is in the sanitation department. Mr. Dumas has more responsibilities relative to cleaning than moving machinery based on the job description.

On or around June 20, 2018, Mr. Dumas alleges that he pulled his left groin while moving four machines away from a conveyor belt in order to clean meat from behind the conveyor. There was no specific abdominal or groin trauma, but Mr. Dumas complained that he had a "funny" sensation in his groin area. Information provided to me stated that surveillance was reviewed between June 19, 2018, and June 21, 2018. There was an incident of Mr. Dumas moving two pieces of machinery that were on wheels and weighed approximately 50 to 70 pounds. There was a reported another machine on wheels weighing 200 pounds. Three people moved this machine a short distance without any issues.

The first of medical evaluations occurred at Aurora Health Care in Kenosha, Wisconsin, on June 20, 2018. The care was provided by Terry Zehr, M.D., at 10:06 a.m. At this time, Mr. Dumas complained of left groin discomfort and a sense of fullness. The physical activity at this time was reported to involve pushing, pulling, lifting, and carrying objects at work. The intermittent focal mass seemed to come and go relative to activity. The mass was not apparent at the time of this evaluation. Physical examination by Dr. Zehr described focal symptoms in the left inguinal area without tenderness, warmth, or erythema, and without a palpable mass or hernia. The diagnosis at the time of discharge was left groin discomfort with causality stated as being uncertain. Mr. Dumas was referred to general surgery. It was recommended he have light duty until additional recommendations and diagnoses were made.

# J. JAY GOODMAN, M.D.

Specialty: General Surgery
Vascular Surgery

February 15, 2019

Amanda Tufano
Travelers
P.O. Box 3205
Naperville, IL 60566-7025

## Medical Record Review

RE: Claimant:       Olton Dumas
Claim/File Number:       FCU9871
Employer/Insured:       Kenosha Beef International Ltd.
DOB:       03/24/1957
DOI:       06/20/2018

*The following report will include the results and conclusions of my review of the information you supplied regarding Olton Dumas. No doctor-patient relationship has been established, and the claimant was not personally interviewed or examined.*

### BRIEF OVERVIEW

I have been requested to review the medical records of Olton Dumas to determine if there is causation relative to a work incident reported to have occurred on June 20, 2018, and the diagnosis and repair of a left inguinal hernia in addition to an operative finding of a right inguinal hernia. Mr. Dumas has not been personally examined. A physician/patient relationship has not been established in the past, nor is it currently being established. Since I am

RE: Olton Dumas
Page 3
February 15, 2019

On June 25, 2018, Alan Licup, M.D., a general surgeon, evaluated Mr. Dumas on recommendations of Dr. Zehr. In the history of the present illness, it was stated that Mr. Dumas noticed left groin pain a couple of weeks prior to this time. There was a pulling sensation in the left groin area. There was also swelling in the left groin area. Physical examination demonstrated that with cough and Valsalva maneuvers, there was evidence of a hernia in the left groin area which spontaneously reduced. It was recommended that surgical repair of a left inguinal hernia was indicated. There was a possibility that there may be an occult right inguinal hernia.

On July 17, 2018, at Aurora Health Care, Dr. Licup repaired bilateral indirect inguinal hernias. There were no unusual operative findings. Postoperative follow up demonstrated no surgical complications.

## PAST MEDICAL HISTORY

Mr. Dumas is a current every day smoker.

There are no known allergies listed.

There is no significant medical or past surgical history reflected in the records provided for my review.

I do not see any type of daily or weekly medications listed in the records provided for my review.

## MEDICAL RECORDS REVIEWED

All records provided to me were reviewed and are as follows:

1.  The first medical evaluation was on June 21, 2018, at 10:05 a.m., by Terry Zehr, M.D.



2.  A surgical consultation on June 25, 2018, was provided by Alan Licup, M.D. Noted was a history of discomfort in the left groin, noticed a couple of weeks prior to this evaluation.

3.  A pre-operative history and physical examination on July 2, 2018, was provided by Samantha Bouikidis, M.D.

4.  An operative report dictated by Alan Licup, M.D., on July 17, 2018, described a laparoscopic repair of bilateral indirect inguinal hernias.

5.  Postoperative evaluations were on July 20, 30, and August 14, 2018.

6.  A job description listed activities and hours per day, lifting requirements, carrying requirements, and other job responsibilities.

## IMPRESSION

It is my professional opinion, to a reasonable degree of medical probability, the work activities reported to have occurred on June 20, 2018, while under employment of Kenosha Beef International Ltd., are not causally related to the onset or progression of bilateral inguinal hernias and specifically the discomfort and mass in the left groin. It is my professional opinion that the indirect left inguinal hernia was pre-existing and progressively deteriorating in nature and would have required surgical repair, regardless of work activities as described. Additionally, the right inguinal hernia which was an incidental finding at the time of surgery and which was asymptomatic additionally is a pre-existing condition, also of a personal nature that was unrelated to the work incident as described.

My opinions are based on the following facts: The specific work incident of moving machinery on wheels with varying degrees of weight and materials would not be the type of physical activity that would result in either a left inguinal hernia or bilateral inguinal hernias. There was no specific abdominal or groin trauma. A traumatic abdominal hernia involves a blunt force to the

Olton Dumas
2514 50th Street, Apt. 109
Kenosha, WI. 53144
July 24, 2019

TO: Attorney Richard C. Davis
    P.O. Box 64093
    ST. Paul, MN. 55164

    Amanda Tufano, Claims Adjust
    Travelers Prop Cas of Amer Insurance Company
    P.O. Box 3205
    Naperville, IL. 60566-7025

In Re: **WC CLAIM NO: 2018-016081**

**INJURY DATE: 06/20/2018**

**EMPLOYEE:    DUMAS, OLTON**

**EMPLOYER:    KENOSHA BEEF INTL LTD**

**INSURER NO:  028CBFCU9871**

Dear Attorney Davis/Ms. Tufano:

This letter concerns the discussions had between us over the past few weeks
concerning settlement of the workers compensation claim referenced above. You have
made two offer of settlements in the amount of $500.00, and later $5,500.00. These
offers bears no reasonable relationship to my injuries, or loses. Since my short-term
disability benefits total is about $1,500; and medical expenses alone total $43,050.34
with an out-of-pocket cost at $2,276.94. It is possible that HUMANA may seek in
reimbursement of those medical bills.

I would very much appreciate it if you would provide me with any explanation for
your position.

I would propose:

> *1.* That you pay the full amount of the medical expenses; the out-of-pocket
> costs; and the lost wages incurred as a direct result of actions or inactions;

**2.** That you add the out-of-pocket amount of $2,276.94 to your $5,500.00 offer, which comes to $7,776.94. As to the medical bills, you pay to me $30,050.34 of the medical bills, in case HUMANA come to be reimbursed for the bills incurred in this work injury, I would at least have financial bargaining room to negotiate with them.

**3.** That this check be paid immediately in a lump sum, through direct deposited to my account.

Otherwise, the only conclusion I can come to, is that Travelers Prop Cas of Amer Insurance Company is refusing to negotiate in good faith.

If no fair and reasonable settlement offer, or explanation for the lack of such offer, is made by July 29, 2019, I will be forced to take further steps regarding Travelers Prop Cas of Amer apparent bad faith.

Yours truly,

Olton Dumas,

Cc: file
Richard C. Davis, Attorney for Respondents

$Exhibit \#13-B$

## STATE OF WISCONSIN DIVISION OF HEARINGS AND APPEALS
## OFFICE OF WORKER'S COMPENSATION HEARINGS

OLTON DUMAS,
SSN: XXX-XX-9261
Employee,

Claim No.              2018016081

v.

KENOSHA BEEF INTL. LTD.,              Date of Injury:       6/20/2018
Employer,

and

TRAVELERS PROPERTY
CASUALTY COMPANY OF AMERICA,
Insurance Carrier.

## FULL AND FINAL COMPROMISE

Olton Dumas, applicant, Kenosha Beef Intl. Ltd., employer, and Travelers Property Casualty Company of America ("Travelers"), insurance carrier, desire to settle, adjust, and compromise the issues arising between them and, to that end, submit this compromise agreement.

It is undisputed that applicant was employed by respondent employer; that the applicant earned a weekly wage of $722.15; that applicant's date of birth is ▓▓▓▓7; that compensation heretofore paid is $0.00.

No disability is conceded.

There is a bona fide dispute between the parties as to whether applicant is entitled to any further compensation under Ch. 102, Stats., including, but not limited to TTD/TPD, out-of-pocket expenses, medical expenses, and bad faith/delay in payment.

The date of accidental or occupational left groin, abdominal, and bilateral inguinal hernia injury or disease which has been utilized in this case is June 20, 2018. Regardless of the actual, or any other date or dates of accidental or occupational left groin, abdominal, and

1

Exhibit #14

bilateral inguinal hernia injury or disease which could be or may have been claimed by applicant, the parties agree and understand that this is a full and final compromise of any and all potential dates of accidental or occupational left groin, abdominal, and bilateral inguinal hernia injury or disease while employed at Kenosha Beef Intl. Ltd. Irrespective of Section 102.18(5), Stats., this is a full and final compromise of all left groin, abdominal, and bilateral inguinal hernia related disability whether such arose from or arises from accident or occupational disease at Kenosha Beef Intl. Ltd.

Applicant claims to have sustained a left groin, abdominal, and bilateral inguinal hernia injury. He claims compensation for TTD/TPD, out-of-pocket expenses, medical expenses, and bad faith/delay in payment. In part, applicant relies upon the medical records and reports on file with the Office of Worker's Compensation Hearings.

Respondents deny applicant sustained temporary or permanent disability to the extent claimed. In part, respondents rely upon the medical records and reports on file with the Office of Worker's Compensation Hearings.

To settle the issues in this disputed claim, the parties, subject to the approval of the Office of Worker's Compensation Hearings, agree to a compromise settlement as follows: In full and final compromise and settlement of any and all liability of employer or its insurance carrier, Travelers agrees to pay applicant the lump sum of Ten Thousand Dollars and 00/100 ($10,000.00), without interest credit.

As consideration for said payment, Kenosha Beef Intl. Ltd. and Travelers shall stand relieved of any and all liability whatsoever to applicant and his dependents for temporary total disability, temporary partial disability, permanent partial disability, out-of-pocket expenses, disfigurement, vocational rehabilitation, loss of earnings capacity, permanent total disability, death benefits, past and future medical expenses, and any and all other liability both present and future, under Ch. 102,Stats., including Sections 102.18(4)(a), 102.18(1)(bp), 102.22, 102.35(3), 102.42(1), 102.43(5), 102.49, 102.56, 102.57 (and 101.11(1)), 102.58, 102.59,

2

Exhibit # 15

**Department of Workforce Development**
**Worker's Compensation Division**
201 E. Washington Ave., Rm. C100
P.O. Box 7901
Madison, WI 53707-7901
Telephone: (608) 266-1340
Fax: (608) 267-0394
http://dwd.wisconsin.gov/wc
e-mail: DWDDWC@dwd.wisconsin.gov

## PRACTITIONER'S REPORT ON ACCIDENT OR INDUSTRIAL DISEASE IN LIEU OF TESTIMONY

**FILED ON BEHALF OF:** ☑ **EMPLOYEE**  ☐ **EMPLOYER OR INSURANCE CARRIER**

*Provision of your Social Security Number (SSN) is voluntary. Failure to provide it may result in an information processing delay. Personal information you provide may be used for secondary purposes [Privacy Law, s. 15.04 (1)(m), Wisconsin Statutes].

| 1. WC Claim Number | Employee Name | |
|---|---|---|
| FCU9871 | Olton Lee Dumas | |
| **Employee Social Security Number*** | **Employee Address** | |
| | 3514 50th Street Apt. 109 | |
| 2. Employer Name | | 3. Date of Traumatic Event |
| Kenosha Beef International Ltd | | 6/20/2018 |
| **Employer Address** | | **Worker's Compensation Insurance Carrier** |
| 3111 152nd Ave Kenosha, WI. 53144 | | |

4. Describe the accidental event or work exposure to which the patient attributes his/her condition. (A copy of medical history or notes containing this information will suffice if complete.)  See attached documents DD

Heavy lifting and/or moving Machinary to fullfill Work dukes - Sanitation Dept.

5. Give a complete description of physical or mental disability and diagnosis. (A copy of the medical history or notes containing this information will suffice if complete and limited to the work injury.)  See attached documents :DD

Dr. Licup consult 6/25/18

| 6. Did you treat the patient? If so, between what dates? | 7. Date of last examination or evaluation | 8. Date disability from work began |
|---|---|---|
| ☑ Yes ☐ No 6/25/18 and 7/30/18 | 7/30/18 | 7/17/18 |

9. Date injured was or will be able to return to a limited type of work: 7/31/18 light duty
State any temporary limitations. No lifting, pushing or pulling greater than 10 lbs until 8-14-18

10. Date injured was or will be able to return to full time work subject only to permanent limitations: 8-14-18 No restrictions
State any permanent limitations.

| 11. In your opinion, is it probable that the event in Item 4 directly caused the disability? | 12. If not directly, is it probable that the event described in Item 4 caused the disability by precipitation, aggravation and acceleration of a pre-existing progressively deteriorating or degenerative condition beyond normal progression? |
|---|---|
| ☐ Yes ☐ No  unknown. | ☑ Yes ☐ No |

13. If the patient suffers from a condition caused by an appreciable period of work place exposure (from Item 4), was that exposure either the sole cause of the condition, or at least a material contributory causative factor in the condition's onset or progression? ☐ Yes ☐ No  unknown

If yes, give date disability from work began:

WKC-16-B (R. 06/2017)

14. Has accident or industrial disease resulted in any permanent disability? ☐ Yes ☒ No

15. Estimate percentage of permanent disability to the member, eye or ear involved, or compare to permanent total disability if injury is to torso or head, caused by the accident or work exposure described in Item 4.

N/A

16. What elements constitute permanent disability (such as limitation of motion, deformity, weakness, pain, lack of endurance or components of illness, e.g., isoiconias, photo toxicity, liver disease)? If limitation of motion, describe nature and percentage of limitation of each part of each member affected. (Make estimates on voluntary, not passive motions.) If amputation, state exact point bone was amputated and whether stump is tender or hardy.

N/A

17. What is the prognosis of this disability? If guarded, please explain: Good

18. Do you expect that any further treatment will be necessary for this condition?

☐ Yes ☒ No    If YES, explain:

19. Prior to this accident or illness, did employee have any permanent disability?

☐ Yes ☒ No    If YES, explain:

20. I am a practitioner licensed in and practicing in Wisconsin.

Practitioner Typed or Printed Name:

Dv. Hlan LicuP

Practitioner Address (Street or P.O. Box):
10400 75th St. Kenosha, WI 53142

Practitioner Address (City, State and Zip Code):

Practitioner Phone Number:
262-948-7380

College:

**CERTIFICATION**

I certify, subject to the penalty of fine and/or imprisonment, as provided in Sec. 943.39 of the Wisconsin Statutes, that the above report truly and correctly sets forth the history, my findings, diagnosis and opinion.

_Alan_ _____    7/30/18

Signature of Practitioner    Date Signed

If not licensed and practicing in Wisconsin, state where practitioner is licensed and practicing:

IMPORTANT: Section 102.17(1)(d) of the Wisconsin Statutes provides that the contents of certified medical and surgical reports presented by parties shall constitute prima facie evidence as to the matter contained therein. Reports must be filed with the department and the other parties fifteen days prior to the date of hearing to be acceptable as evidence. If not so filed, it will be necessary to produce the doctor to give oral testimony at the time of hearing.

$Exhibit \# 16$

October 25, 2019

Ms. Natolie Murray

3111 152nd Ave.

Kenosha, WI. 53144

IN RE:  **Employer: Kenosha Beef International Ltd**

          **Employee: Olton Dumas**

          **Claim Number: FMH3128**

          **Date of Injury: 07/19/2019**

Dear Ms. Murray,

I am writing to you regarding the above stated Claim Number. As you know, on August 16, 2019, I wrote to you about the Light Duty Restriction placed on me by my Health Care Providers relevant to this work injury. I am presently working under those Light Duty Restrictions and assigned to the North Production Department.

As we are aware, I am an assigned Sanitation Employee, at all-time relevant to this prior to the work injury. However, I was recently informed by you that you will no longer allow me to remain in the assignment as a Sanitation Employee, as a result of the two work injuries reported on June 20, 2018, and the present one reported on July 19, 2019.

This is to inform you that I would like to remain a Sanitation Employee on third shift, where I will receive the same benefits as other third shift employees, or as previously scheduled prior to this latest work injury. Therefore, I oppose any changes in my work schedule, especially changing my assignment to another shift, where I would lose my third shift benefits.

At my next Doctor visit on October 31, 2019, I will be asking that the Light Duty Restrictions be revised, to allow me to lift, maybe 40 pounds that should allow me to lift the sanitation hoes, and carry it to my department.

Thank you for your time and consideration in this matter.

Olton Dumas, Employee

1519 Wisconsin Ave.

Beloit, WI. 53511

(262) 237-4436

Cc: file

Ms. Amanda Tufano, Claim Adjuster